This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37941**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**DOMINIC D. DOMINGUEZ,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven James Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his conviction for possession of a controlled substance, use or possession of drug paraphernalia, and concealing identity, pursuant to a conditional plea retaining his ability to appeal the district court's denial of his motion to suppress. This Court issued a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     On appeal, Defendant contends that the officer lacked reasonable suspicion to arrest Defendant. In our notice of proposed affirmance, we explained that Defendant's unprovoked flight from the police, together with the evidence of burglary calls, appears to have been legally sufficient for reasonable suspicion by the officer. [CN 3] *See State v. Harbison*, 2007-NMSC-016, ¶¶ 20, 21, 141 N.M. 392, 156 P.3d 30 ("When the officers got out of their cars, [the d]efendant fled. Given [the d]efendant's proximity to the crime scene combined with the officers' need to maintain the status quo pending a brief investigation, and especially given the lack of record evidence that the police acted unlawfully to provoke [the d]efendant's flight so as to justify his seizure, we conclude . . . that the police had reasonable suspicion to pursue [the d]efendant and subject him to a brief investigatory stop. . . . " 'Headlong flight—wherever it occurs—is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such.' " (quoting *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) (stating that "unprovoked flight upon noticing the police," along with presence in an area of narcotics trafficking, could support reasonable suspicion)).

**{3}**     In his memorandum in opposition, Defendant argues that *Harbison* may be distinguished from his case because in *Harbison*, it was the defendant's proximity to a person who had just completed a drug transaction, as well as his flight, that supported a finding of reasonable suspicion. [MIO 2] *Harbison*, 2007-NMSC-016, ¶ 6. We therefore take Defendant to be arguing that his flight upon noticing the officer was the sole reason for the stop. This argument is unpersuasive as it disregards the district court's and this Court's reliance on the multiple burglary calls in the area, in addition to Defendant's flight, as justifications for the officer's stop. [MIO 3, CN 2] Although Defendant refers to the officer's "inability to tie the stop to any particular crimes," he does not elaborate on this argument, provide any authority to support his argument, or challenge the district court's findings. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200 ("We will not consider an issue if no authority is cited in support of the issue, because absent cited authority to support an argument, we assume no such authority exists."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374..

**{4}**     To the extent Defendant urges us to apply Ninth Circuit case law and overturn *Harbison* if it "indeed permits stops for mere flight" [MIO 4], we reiterate that "mere flight" was at issue in neither *Harbison* nor the present case. [MIO 3] *See Harbison*, 2007-NMSC-016, ¶ 6. Moreover and crucially, this Court is bound by applicable Supreme Court precedent. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 20, 135 N.M. 375, 89 P.3d 47 (stating that "the Court of Appeals [is] bound by Supreme Court precedent" (alteration, omission, internal quotation marks, and citation omitted)).

**{5}** Defendant has not asserted any new facts, law, or argument that persuades us that our calendar notice is incorrect. In addition, although Defendant's memorandum in opposition was also titled, "motion to amend the docketing statement," Defendant raises no new issues outside of those addressed in the docketing statement, so we deny any such intended motion as moot.

**{6}** Accordingly, for the reasons set forth in our notice of proposed disposition and herein, we affirm.

**{7}  IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**BRIANA H. ZAMORA, Judge**